02/21/20 16:42:47 Orange Cty DC Scanned by Annette V

Case 1:20-cv-00099-MJT Document 1-2 Filed 03/06/20 Page 2 of 8 PageID #: 12

FILED: 2/21/2020 3:21 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 41057354
Reviewed By: Annette Vaughan

CAUSE NO.: D200063-C

| | | |
|---|---|---|
| MICHAEL TAYLOR AND ALYSSA TAYLOR | § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | | |
| v. | | 260th  JUDICIAL DISTRICT |
| STARSTONE NATIONAL INSURANCE CO. AND WELLINGTON CLAIMS SERVICE, INC. | | |
| Defendants. | | ORANGE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, MICHAEL TAYLOR and ALYSSA TAYLOR (hereinafter sometimes referred to as "Alyssa Smith"), and files this Plaintiffs' Original Petition and Request for Disclosure against Defendants, STARSTONE NATIONAL INSURANCE CO. (hereinafter sometimes referred to as "Starstone") and WELLINGTON CLAIMS SERVICE, INC. (hereinafter sometimes referred to as "Wellington"), and would respectfully show the Court the following:

### I.
### PARTIES

1. Plaintiffs, Michael Taylor and Alyssa Taylor, are individuals residing in Orange County, Texas.

2. Defendant, Starstone National Insurance Co., is a citizen of New Jersey with its principal place of business in New Jersey and may be served with process via certified mail, return receipt requested, through its registered agent for service in the state of Texas: **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3140.**

1 | Page

3. Defendant, Wellington Claims Service, Inc., is a domestic corporation doing business in the state of Texas and may be served with process via certified mail, return receipt requested, through its registered agent for service in the state of Texas: **Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-4234.**

## II.
## JURISDICTION AND VENUE

4. Venue of this matter is properly before this Court pursuant to the provisions §15.002(1) of the Texas Civil Practices and Remedies Code in that all or part of the events or omissions giving rise to this claim occurred in Orange County, Texas.

5. The damages sought are within the jurisdictional limits of this Court and include monetary relief of over $200,000 but less than $1,000,000.

## III.
## DISCOVERY CONTROL PLAN

6. Plaintiffs intend to conduct discovery under level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## IV.
## FACTS

7. Prior to September 2017, Alyssa Smith Taylor and Michael Taylor were common-law married. They had filed federal income tax returns married filing jointly. They held themselves out as husband and wife.

8. On or about September 24, 2017, Taylor Pepper was seriously and permanently injured while at a party at the home of Alyssa and Michael. Alyssa and Michael were insured by Starstone National Insurance Co. with a homeowner's policy. Claims were made against both Alyssa and Michael. The claims are covered under the policy at issue. Defendant, Wellington, was

2 | Page

hired to investigate the claims and determine whether or not there was a duty to defend and/or indemnify. On or about April 4, 2018 counsel for Taylor Pepper sent a *Stowers* Demand to Starstone noting, among other things, the following:

    a.    Michael Taylor was Alyssa Smith's husband;

    b.    Ms. Smith was negligent, and her conduct was compounded by the fact that her husband, Michael Taylor, had a prior criminal history; and

    c.    An unconditional offer was made to settle all claims of the Plaintiff against the insured.

9. Wellington erroneously came to the conclusion that Michael Taylor was not married to Alyssa Smith at the time of the incident. Defendant, Wellington, also made the decision, after its investigation, to reject a *Stowers* Demand to resolve all claims against Alyssa Smith brought by Taylor Pepper. A lawsuit was filed against Alyssa Smith. The complaint was amended to allege additional claims against her husband, Michael Taylor. The complaint alleged, among other things, that:

    a.    …Plaintiff and other invitees were sitting around the campfire on Defendant's property when Alyssa Smith's husband, Michael Taylor, threw a large plastic can containing gasoline into the fire….

10. During the course of defending Alyssa Smith, the original counsel chosen by Wellington (on behalf of Starstone) that was hired to defend Smith was scheduled to meet with Smith including discussing the income tax returns noting that Alyssa Smith and Michael Taylor had held themselves out as married in 2016 and 2017.

11. When Michael Taylor and his wife showed up for the meeting with defense counsel, they were told that the meeting was no longer necessary and defense counsel would be withdrawing.

12. Wellington, based on its erroneous assumption that Michael and Alyssa were not common-law married prior to the incident, denied a defense to Michael Taylor.

13. In further showing of bad faith, Defendant, Starstone National Insurance Co., relying upon Wellington's investigation, filed an original and amended declaratory judgment action in Federal Court against Michael Taylor and Alyssa Smith-Taylor, among others. Though filed, summons have not been requested and therefore, issued.

14. In the intervening time, the "Agreed Judgment" was withdrawn and Taylor Pepper's claims have been ordered to proceed forward against Michael Taylor and his wife, Alyssa Taylor.

15. By wrongfully denying coverage to Michael Taylor for a defense and indemnity by rejecting a *Stowers* Demand to resolve all claims against Alyssa Smith and then designating Michael Taylor as a responsible third party, Wellington put Alyssa Smith's community property interest at risk for Michael Taylor's liability per Tex. Family Code 3.202.

V.
**CONDITIONS PRECEDENT**

16. There is presently pending an unserved federal court declaratory judgment action filed by Starstone against Alyssa and Michael Taylor. A Fed. R. Civ. P. 12(b)(i) motion to dismiss that claim as moot has been filed. Nonetheless, the claims made in this lawsuit are permissive counterclaims to the federal court lawsuit filed. Permissive counterclaims may be brought in a later and separate lawsuit. As a counterclaim, §542a.003(d) relieves Plaintiff of any obligation and requirement to provide any notice under §542a.

17. All conditions precedent to Michael Taylor and Alyssa Taylor's recovery have been met.

## VI.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT BY STARSTONE

18. The acts and omissions in failing to timely and properly adjust the claim, failing to properly investigate the claim, and failing to timely and properly defend, all amount to material breach of contract by Starstone. At that time, the claims by the insureds for Starstone to defend and indemnify were made, the insureds had complied with all contractual duties/obligations.

19. The carrier, through their original hired counsel, violated the *Tilley* doctrine. During the course of defending one insured, the insurance company developed "evidence" to help in the coverage defense.

20. When faced with the dilemma of whether to defend or refuse to defend Michael Taylor in the underlying case, the insurance company had one of four options:

    a. Completely decline to assume the insured's defense;

    b. Seek a declaratory judgment as to its obligations and rights;

    c. Defend in a reservation of rights or a non-waiver agreement; or

    d. Assume the insured's unqualified defense.

21. At the time, Starstone completely declined to assume Michael Taylor's defense. It failed to seek a declaratory judgment or defend. As such, it breached its contractual duty to defend in the underlying case.

### B. INSURANCE CODE VIOLATIONS

22. The acts and omissions of Wellington in:

    a. failing to investigate; or

    b. authorize a designation of Michael Taylor as a responsible third party after wrongfully denying Michael Taylor's claim for a defense

constitute a violation of the Texas Insurance Code §541.060(a)(1).

23. A request for defense constitutes a "claim" under the Texas Ins. Code. By the letter dated July 22, 2019, Wellington misrepresented the duties and obligations of the policy, which is a violation of Article 541.060(1). By denying the claim for defense knowing that Michael Taylor held himself out to be the spouse of Alyssa Smith prior to the incident in question, the carrier violated Article 541.060(2) and failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, *i.e.* defending.

24. By failing to timely submit a Reservation of Rights letter to the claims being made against them, Defendants violated §541.060(4)(B).

25. By refusing the pay the defense costs and claim, the carrier violated §541.060(7).

26. Section 541.151 gives rise to a private cause of action for the above violations.

27. The acts and omissions of the carrier noted above also constitute a violation of Chapter 542 *et seq.* of the Texas Insurance Code, including but not limited to §542.056 and §542.057.

28. Under §541.151 of the Texas Insurance Code, the acts and omissions of both Defendants listed above also constitute a violation of the Texas Deceptive Trade Practices Act §§17.46(b)(2),(5),(12).

## VII.
## NEGLIGENCE

Wellington and the carrier were negligent in refusing a proper *Stowers* Demand, denying coverage, placing community property at risk, all of which is part of the claims process. The negligence was the proximate cause of damages to both Plaintiffs.

## VIII.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

29. Starstone is legally liable for and responsible for all acts/omissions and damages caused by its adjusters and/or agents. All the acts and omissions were performed in the course and scope of their employment.

## IX.
## DAMAGES

30. As a result of the acts and omissions listed above, Plaintiffs suffered damages. Defendants are liable for the following, including but not limited to:

   1. Amounts owed under the contract;

   2. Consequential damages;

   3. Mental anguish;

   4. Interest;

   5. Attorney's fees; and

   6. Punitive damages.

31. The acts and omissions of the Defendants were the proximate cause of all damages sustained by Plaintiffs. Plaintiffs sue for all damages Plaintiffs are legally entitled to recover.

## X.
## RULE 194 REQUEST FOR DISCLOSURE

32. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiffs have and recover judgment of and from Defendants a sum in excess of the minimum jurisdictional amounts of this

02/21/20 16:42:54 Orange Cty DC Scanned by Annette V
Case 1:20-cv-00097-MJT Document 1-1 Filed 03/06/20 Page 8 of 8 PageID #: 149

8 | Page

Court, costs of court, pre-judgment and post-judgment interest which may be authorized by law, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

WELLER, GREEN, TOUPS & TERRELL L.L.P.
P.O. BOX 350
BEAUMONT, TX 77704-0350
(409) 838-0101
(409) 832-7823 FAX
hartgr@wgttlaw.com

BY: _____
E. HART GREEN
STATE BAR NO. 08349290

ATTORNEY FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

BY _____
E. HART GREEN